UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON D. PENNINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01291-JPH-MJD |
| | ) |
| JOHN MERSHON, | ) |
| CENTURION HEALTH, | ) |
| BRITTANY WILDMAN, | ) |
| DENNIS REAGLE, | ) |
| MELISSA BAGIENSKI, | ) |
| LISA HAMBLEN, | ) |
| CHRISTINA CONYERS, | ) |
| TAYLOR MCCORKLE, | ) |
| CHRISTINA REAGLE, | ) |
| ERIC HOLCOMB, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jason D. Penninger, an Indiana prisoner confined at Pendleton Correctional Facility, filed this civil action alleging that he has been denied adequate medical care and treatment. He seeks injunctive relief and money damages. Because Mr. Penninger is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Penninger filed this lawsuit under 42 U.S.C. § 1983 alleging that he has been denied adequate treatment for his severe arm and shoulder pain. Dkt. 1 at 1. His pain began on April 5, 2022. *Id.* at 4. He describes the pain as "sharp to explosive" and reports pins and needles radiating down his arm and numbness in his arm and shoulder while laying down. *Id.* at 5. The pain makes it difficult to sleep. *Id.* Mr. Penninger asserts that he has continued to suffer from back, neck, and shoulder pain for several years and that no adequate treatment has been provided. *Id.* at 8.

Mr. Penninger has sued ten defendants: 1) Dr. Mershon, Mr. Penninger's treating physician; 2) Centurion Health, Inc., a private company contracted with Indiana Department of Corrections to provide medical care to Indiana prisoners; 3) Brittany Wildman, Centurion Regional Director; 4) Lisa Hamblin, Health

Service Administrator at Pendleton; 5) Melissa Bagienski, Health Service Administrator at Pendleton; 6) Dennis Reagle, Warden at Pendleton; 7) Christina Reagle, IDOC Commissioner; 8) Christina Conyers, Pendleton grievance specialist; 9) Taylor McCorkle, Pendleton grievance specialist; and 10) Governor Eric Holcomb.

The complaint outlines the course of treatment Mr. Penninger received from Dr. Mershon. He was seen by Dr. Mershon in April 2022 and physical therapy was ordered. *Id.* at 4. Mr. Penninger saw the physical therapist on multiple occasions even though there was nothing the physical therapist could do to help the situation. *Id.* at 6. Mr. Penninger alleges that Dr. Mershon ignored his "constant" complaints of pain and discomfort to save Centurion money. *Id.* at 5. In addition, Dr. Mershon inappropriately prescribed Mr. Penninger psych medications for pain, but those medications caused adverse reactions and did not reduce the pain. *Id.* at 5-6.

An x-ray of Mr. Penninger's neck was taken on May 6, 2022. The x-ray showed deterioration of a disc. *Id.* at 4.

Mr. Penninger submitted several medical request forms, but his medical issues have not been fully acknowledged or treated. *Id.* at 5. He also submitted grievances and is not satisfied with the responses. For example, Ms. Hamblen responded to one request stating that Mr. Penninger is getting physical therapy and is scheduled for a Rubicon Neuro consult. *Id.*

Mr. Penninger went to a hospital for an MRI on August 24, 2022. *Id.* at 6. The results were "not favorable" and there was a possibility of surgery. *Id.* On

3

September 23, 2022, he was referred to Neuro Consult to discuss treatment options. On November 4, 2022, he was evaluated by Dr. Gordon G. Mao at I.U. Health Neuro Science Center. Dr. Mao stated that surgery was a last resort, and that muscle relaxers and pain medications could help. *Id.* at 6-7. But Dr. Mershon refused to provide the prescriptions recommended by Dr. Mao, and instead offered psych medications for pain. *Id.* at 7.

Mr. Penninger asserts that Centurion Health's and IDOC's informal grievance process and the need to cut costs and spending caused the denial of adequate care. Dkt. 1 at 11.

He seeks money damages and injunctive relief.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Penninger alleges that the grievance process was inadequate. He alleges that defendants Lisa Hamblin and Melissa Bagienski were Health Service Administrators and that they did not properly investigate or respond to his grievances. Similarly, Christina Conyers, and Taylor McCorkle were grievance specialists who allegedly delayed review and permitted ineffective investigations of his complaints. As a result of this deficient grievances process, Dr. Mershon was permitted to continue to provide inadequate medical treatment and relief has not been provided.

Mr. Penninger's allegations are insufficient to state a claim of deliberate indifference against those defendants. The facts alleged reflect that Mr.

4

Penninger was under the care of Dr. Mershon and that his condition was not being ignored. The Health Services Administrators and grievance specialists did not violate Mr. Penninger's Eighth Amendment right to adequate medical treatment by responding to his grievances when his treatment was being directed by a doctor.

In addition, there is no right to a grievance process. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Because Mr. Penninger had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). Defendants Lisa Hamblin, Melissa Bagienski, Christina Conyers and Taylor McCorkle are dismissed because the complaint fails to state a claim upon which relief may be granted against them.

Second, Governor Holcomb, Brittany Wildman, Commissioner Reagle, and Warden Reagle, all allegedly failed to properly investigate Mr. Penninger's treatment when they received his complaints, letters, and grievances. Dkt. 1 at 8-11, 13-18. Mr. Penninger contends that this failure to investigate allowed Dr. Mershon to pursue an ineffective course of treatment. These supervisory defendants are all subject to dismissal for failure to state a claim upon which relief may be granted. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."

*Horshaw v. Casper,* 910 F.3d 1027, 1029 (7th Cir. 2018). Governor Holcomb, Centurion's Regional Director, IDOC Commissioner Reagle and Warden Reagle are not alleged to be responsible for providing direct care to prisoners such as Mr. Penninger and they cannot be held liable for the misconduct and deficiencies alleged against Mr. Penninger's treating physician.

The Eighth Amendment deliberate indifference to serious medical needs claim shall proceed against Dr. John Mershon. Dkt. 1 at 11-12. An Eighth Amendment claim shall also proceed against Centurion Health because it allegedly has a policy or practice of limiting care, refusing medical treatment, delaying medical treatment, and falsifying medical records to save money. Dkt. 1 at 12. The Eighth Amendment claims against Dr. Merson and Centurion are the only viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 16, 2024,** in which to identify those claims.

The **clerk is directed** to terminate Brittnay Wildman, Dennis Reagle, Melissa Bagienski, Lisa Hamblen, Christina Conyers, Taylor McCorkle, Christina Reagle and Eric Holcomb as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. John Mershon, M.D. and Centurion Health in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable

6

forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Dr. John Mershon is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/4/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON D. PENNINGER
936946
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Centurion

    Dr. John Mershon