UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON D. PENNINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01291-JPH-MJD |
| ) | |
| JOHN MERSHON MD, ) | |
| CENTURION HEALTH, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTIONS FOR COUNSEL AND RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff, Jason Penninger, has filed two motions for assistance recruiting counsel. Dkts. 48 and 65. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from

1

doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually

2

and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Plaintiff's motions for counsel asserts, among other things, that he has "limited knowledge of the law and legal procedures," that he has had limited ability to conduct discovery, that "[t]he nature of this case indicates that the truth will more likely be exposed if counsel represents both sides," that he has had the assistance of other inmates in this matter, and that he has limited access to the law library at his prison. Dkts. 48, 65. However, Plaintiff does not allege the existence of any mental or physical disabilities that limit his ability to litigate this case. He also does not indicate his level of education. The Court understands that Plaintiff has been assisted by others at his prison in litigating this case up to now. But there is no indication that such assistance will not continue. And Plaintiff's filings up this point have been very coherent and he has been pursuing discovery and other matters in this case. The drawbacks to self-representation that Plaintiff outlines—such as limited law library access, limited ability to conduct discovery, and the fact that Defendants have counsel—are limitations faced by almost all *pro se* inmate litigants and does not by itself warrant recruitment of counsel from the Court's limited pool of available attorneys. It is true this case concerns a claim of inadequate medical care, but this alone also

3

does not automatically warrant recruitment of counsel at this time. The nature of the claims and how Plaintiff has presented them thus far, such as in his *pro se* complaint, indicates that he has the ability to adequately represent himself at this stage of the proceedings.

Plaintiff's motions for assistance recruiting counsel are **denied without prejudice**. Dkts. [48] and [65]. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, including but not necessarily limited to a settlement conference or trial.

Additionally, Plaintiff's renewed motion for leave to proceed *in forma pauperis*, dkt. [69], is **denied** as moot. The Court already granted Plaintiff permission to proceed *in forma pauperis* and without prepaying the full filing fee and has entered an order directing collection of the balance of the filing fee as the funds in Plaintiff's trust account allows. Dkt. 17.

**SO ORDERED.**

Date: 11/19/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JASON D. PENNINGER
936946
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

4